**In re Dannie Edward CAMERON, Loretta Cameron, Debtors.**

**Bankruptcy No. 95–61510.**

United States Bankruptcy Court, N.D. Ohio.

Dec. 4, 1995.

Michael M. Freda, Mansfield, Ohio, for Debtors.

Phillip D. Schandel, Canton, Ohio, for First Merit.

Toby L. Rosen, Trustee, Office of the Chapter 13 Trustee, Canton, Ohio.

## MEMORANDUM OF DECISION

### JAMES H. WILLIAMS, Chief Judge.

This matter is before the court on an objection to confirmation filed by one of these Chapter 13 debtors' secured creditors, First Merit/First National Bank, fka Peoples Federal (First Merit). The narrow issue for determination is the proper rate of interest which First Merit is entitled to be paid as an admittedly fully secured creditor.

There appears to be no dispute that the balance owing to First Merit is \$18,-945.33. The debtors proposed to repay the obligation through their plan with interest at the rate of 8% per annum; the note executed by the debtors on November 9, 1994, slightly more than nine months before they filed their bankruptcy case, calls for an annual interest rate of 8.25%; and First Merit argues for, and offers evidence in support of, a current "market rate" of interest of 10.25% per annum.

It is the burden of the lender, First Merit, to show that the prevailing market rate exceeds the contract rate. *General Motors Acceptance Corporation v. Jones,* 999 F.2d 63, 70–71 (3d Cir.1993). The court is satisfied that First Merit has met that challenge here.

However, of fundamental concern is whether such proof is relevant under the circumstances before us. First Merit points to the pronouncement in *Memphis Bank & Trust Company v. Whitman,* 692 F.2d 427, 431 (6th Cir.1982) in which the court held that "in the absence of special circumstances bankruptcy courts should use the current market rate of interest used for similar loans in the region." This holding is based on the theory that the creditor is making a new loan to the debtor in the amount of the current value of the collateral. The reasons for any departure from the market rate must be explained by the court. *Id.* at n. 3.

*Memphis Bank* must be reconciled, if possible, with *Cardinal Federal Savings & Loan v. Colegrove,* 771 F.2d 119, 123 (6th Cir.1985) where the court held that "the most equitable rate to establish in this type of situation is the prevailing market rate of interest on similar types of secured loans at the time of allowance of the creditors (sic) claim and the confirmation of the plan in bankruptcy *with a maximum limitation on such rate to be the underlying contract rate of interest.*" (emphasis added). In *Colegrove,* the debtors proposed to pay all future mortgage payments on their house to the secured creditor and cure the unpaid arrearage. Thus, the creditor was not forced to accept a write-down of its note.

One can read *Colegrove* and *Memphis Bank* together to provide that when a creditor is undersecured, the market rate of interest should be used without limitation, but when the creditor is fully secured, the market rate should be used to the extent it does not exceed the contract rate. The Sixth Circuit has apparently agreed with this interpretation. *U.S. v. Arnold,* 878 F.2d 925, 929–30 (6th Cir.1989). In *Arnold,* the Sixth Circuit accepted the creditor's argument that

the difference between *Memphis Bank* and *Colegrove* was that in the former the creditor was "forced by operation of law to write-down the current value of the loan, thus ... creating a new loan ..." while in the latter, the creditor was "completely secured and was not required to accept unsecured status as to any portion of its debt." The court further noted "[i]t would not have been equitable to allow the creditor in *Colegrove* to recover interest at a rate in excess of that prescribed in the contract; for then the creditor would have received a windfall because of the bankruptcy."

First Merit, as previously stated, is fully secured by virtue of its security interest in both a vehicle and a mortgage on the debtors' real property. Therefore, under *Colegrove,* the bank is entitled to a market rate of interest but only to the extent that such rate does not exceed the contract rate, here, 8.25% per annum.